HAIGH v. MARTIN.

(Supreme Court, Appellate Division, Second Department. June 7, 1901.)

JUDGMENT—ORDER OF ARREST—FRAUD.

Code Civ. Proc. § 2895, subd. 2, made applicable to justices' courts by section 3018, and which provides that an order of arrest shall be granted in actions to recover damages for the injury to property resulting from professional misconduct or negligence, or for fraud or deceit, authorizes the granting of such order after judgment in the municipal court in an action against a dentist for failure to return the money or perform work for which it was paid, though the proofs do not show that he is a duly-authorized dentist.

Goodrich, P. J., dissenting.

Appeal from municipal court, borough of Brooklyn, Second district. Action by Henry J. Haigh, Jr., against George H. Martin. From a judgment of the New York City municipal court in favor of the plaintiff, but not including an order of arrest, the plaintiff appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Lawrence E. Brown, for appellant.

PER CURIAM. The action is brought to recover the sum of $20 deposited by the plaintiff with the defendant as security for the payment of dental work which the latter agreed to perform for the former. The plaintiff, it is alleged, demanded a return of the money on the neglect and refusal of the defendant to perform the services agreed upon; but defendant has refused to return the money, and has wrongfully kept and converted the same. There was no answer or appearance at the trial on behalf of the defendant. An inquest was taken, and all the allegations of the complaint were proven, excepting the fact that the defendant was authorized and licensed to practice his profession. Judgment was rendered in favor of the plaintiff, and an appeal has been taken to this court because of the refusal of the magistrate to insert in the transcript the words, "defendant liable to arrest and imprisonment on execution." By subdivision 2 of section

2895 of the Code of Civil Procedure it is provided that an order of arrest shall be granted where the action is brought, among other things, to recover damages for an injury to property, including the wrongful detention or conversion of personal property, misconduct or neglect in a professional employment, fraud, or deceit. We think the defendant was within the terms of this section, notwithstanding the failure on the part of the plaintiff to prove that he was practicing his profession under the protection of a proper license. The action is founded upon fraud. By section 3018 of the Code the section quoted above is made applicable to the judgments in justices' courts.

The judgment appealed from should be modified by inserting the words, "defendant liable to an execution against his person," and, as so modified, affirmed, with costs.

GOODRICH, P. J. (dissenting). I cannot agree with the result reached in the opinion of my associates. The complaint alleges that the defendant is a "dentist, duly authorized and licensed to practice in the state of New York"; that in November, 1900, the plaintiff and defendant entered into an agreement whereby the defendant, in consideration of a sum not to exceed $50, to be paid him by the plaintiff, agreed to perform certain professional services on the plaintiff's teeth, and provide the necessary materials therefor; that he demanded and received of the plaintiff an advance payment of $20 on account of said services to be rendered and material to be furnished, and thereafter refused to perform the services, and fraudulently retains the $20. The defendant did not appear on the return of the summons, and an inquest was taken, evidence being given fully proving all the allegations of the complaint, except that the defendant was a licensed dentist. Hence it was not shown that the action was within subdivision 2, § 2895, of the Code of Civil Procedure. For this reason I think the justice was justified in refusing the plaintiff's request to insert in the transcript of the judgment the words, "defendant liable to arrest and imprisonment on execution," and that the judgment should be affirmed.